

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

8-28-2006

# USA v. Price

Precedential or Non-Precedential: Precedential

Docket No. 05-2968

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"USA v. Price" (2006). *2006 Decisions.* Paper 494.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/494

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 05-2968

_____

UNITED STATES OF AMERICA

v.

KEENAN PRICE,

Appellant

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 03-cv-00147)
District Judge:  Honorable William H. Yohn, Jr.

_____

Argued June 15, 2006
Before:  FISHER, CHAGARES and REAVLEY,[*] *Circuit Judges*.

_____

**ORDER AMENDING OPINION**

IT IS HEREBY ORDERED that the opinion in the above case, filed June 30, 2006, be amended as follows:

Page 2, footnote 1, line 3, which read:
    18 U.S.C. § 922(c) (gun possession in furtherance); . . .
shall read:
    18 U.S.C. § 924(c) (gun possession in furtherance); . . .

_____

[*]The Honorable Thomas M. Reavley, United States Circuit Judge for the Fifth Circuit, sitting by designation.

Page 2, first paragraph, second sentence, which read:

> Price raises three issues:  first, that the District Court improperly allowed two police officers to present hearsay testimony about the contents of the radio report to which they responded; second, that the District Court improperly allowed the government's expert witness to testify about Price's mental state; and third, that the District Court improperly instructed the jury on the meaning of "in furtherance" in 18 U.S.C. § 922(c).

shall read:

> Price raises three issues:  first, that the District Court improperly allowed two police officers to present hearsay testimony about the contents of the radio report to which they responded; second, that the District Court improperly allowed the government's expert witness to testify about Price's mental state; and third, that the District Court improperly instructed the jury on the meaning of "in furtherance" in 18 U.S.C. § 924(c).

Page 5, last paragraph, first sentence, which read:

> Finally, the District Court instructed the jury on the meaning of "in furtherance" in § 922(c).

shall read:

> Finally, the District Court instructed the jury on the meaning of "in furtherance" in § 924(c).

Page 24, Part C, first paragraph, first sentence, which read:

> Price argues, finally, that the jury instructions failed to define the "in furtherance" component of § 922(c), and thus allowed the jury to infer that mere possession of a gun while committing a crime is sufficient for conviction.

shall read:

> Price argues, finally, that the jury instructions failed to define the "in furtherance" component of § 924(c), and thus allowed the jury to infer that mere possession of a gun while committing a crime is sufficient for conviction.

Page 24, Part C, second paragraph, last sentence, which read:

By specifying that the gun must have "furthered" or been "integral" to the underlying crime, the instruction adequately conveyed that possession of a gun while committing a crime is not, in itself, enough for conviction under § 922(c).

shall read:

By specifying that the gun must have "furthered" or been "integral" to the underlying crime, the instruction adequately conveyed that possession of a gun while committing a crime is not, in itself, enough for conviction under § 924(c).

By the Court,


*/s/ D. Michael Fisher*
Circuit Judge

Dated: August 28, 2006
CRG/cc: Paul J. Hetznecker, Esq.
        Joseph F. Minni, Esq.

3